# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BRADLEY HAYNES, *on behalf of himself and all others similarly situated*,<br>　　　　　Plaintiff,<br><br>vs.<br><br>RICHARDSON, PLOWDEN & ROBINSON, P.A. and ATLANTIC CREDIT & FINANCE, INC.<br>　　　　　Defendants. | CIVIL ACTION NO. 8:12-3604-JMC<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF ACTION

1. This is a class action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Bradley Haynes ("Mr. Haynes"), is a natural person who at all relevant times resided in the State of South Carolina, County of Anderson, and

1

City of Honea Path.

5. Mr. Haynes is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Richardson, Plowden & Robinson, P.A. ("Richardson"), is a South Carolina corporation which can be served through its registered agent, Franklin J. Smith, Esq., at 1800 Marion St., Columbia, SC 29201.

7. Richardson is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Mr. Haynes, as defined by 15 U.S.C. § 1692a(5).

8. Richardson is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant, Atlantic Credit & Finance, Inc. ("Atlantic"), is a Virginia corporation which can be served through its registered agent, Lexis Document Services Inc., at 1703 Laurel St., Columbia, SC 29201.

10. Atlantic is an entity that acquires debt in default merely for collection purposes, and that at all relevant times was engaged in the business of attempting to collect a debt from Mr. Haynes.

11. Atlantic is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Mr. Haynes is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Richardson.

13. Mr. Haynes' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Richardson, arises from a

transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely a HSBC Consumer Lending (USA), Inc. personal loan (the "Debt").

14. Richardson uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15. Atlantic purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

16. Atlantic acquired Mr. Haynes' debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

17. Atlantic is thoroughly enmeshed in the debt collection business, and Richardson is a significant participant in Atlantic's debt collection process.

18. In connection with the collection of the Debt, Richardson, itself and on behalf of Atlantic, sent Mr. Haynes an initial written communication dated January 3, 2012, and on the second page of the communication, stated in relevant part:

> The debt described in the attached letter will be assumed to be valid by the Creditor's law firm unless you, the debtor, within thirty (30) days after the receipt of this notice, dispute the validity of the debt or any portion thereof in writing.

(See January 3, 2012 Correspondence, attached as Exhibit A).

19. Richardson's January 3, 2012 initial communication failed to meaningfully convey to Mr. Haynes the notice required by 15 U.S.C. § 1692g(a)(3) because it would lead the least sophisticated consumer to believe that the validity of the debt could only be disputed *in writing*.

20. Richardson did not, within five days after the January 3, 2012 initial communication, send the disclosure required by 15 U.S.C. § 1692g(a)(3).

21. Richardson's January 3, 2012 initial communication was placed on Richardson's law firm letterhead and was hand-signed by Adam S. Tesh, an attorney for Richardson.

22. Richardson's January 3, 2012 initial communication did not contain a statement that at the time the letter was sent, no attorney with Richardson's law firm had reviewed the particular circumstances of Mr. Haynes' alleged debt.

23. Upon information and good-faith belief, no attorney had meaningfully reviewed the particular circumstances of Mr. Haynes' account prior to Richardson's mailing of its January 3, 2012 correspondence.

24. Therefore, Richardson's January 3, 2012 initial communication falsely represented the level of attorney involvement in the collections process.

### CLASS ACTION ALLEGATIONS

25. Mr. Haynes brings this action on behalf of himself and all others similarly situated. Specifically, Mr. Haynes seeks to represent three alternative classes of individuals defined as:

(1) All persons located in South Carolina to whom Richardson,

Plowden & Robinson, P.A. and/or Atlantic Credit & Finance, Inc. sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, written correspondence substantially similar or materially identical to the January 3, 2012 correspondence that Richardson sent to Bradley Haynes (Exhibit A), in that it falsely represents or implies that an individual is an attorney or that a communication is from an attorney and/or falsely represents the level of attorney involvement in the collections process.

(2) All persons located in South Carolina to whom Richardson, Plowden & Robinson, P.A. and/or Atlantic Credit & Finance, Inc. sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, written correspondence substantially similar or materially identical to the January 3, 2012 correspondence that Richardson sent to Bradley Haynes (Exhibit A), in that it uses false representations or deceptive practices in connection with the collection of an alleged debt.

(3) All persons located in South Carolina to whom Richardson, Plowden & Robinson, P.A. and/or Atlantic Credit & Finance, Inc. sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, written correspondence substantially similar or materially identical to the January 3, 2012 correspondence that Richardson sent to Bradley Haynes (Exhibit A), in that it fails to provide the disclosure required by 15 U.S.C. § 1692g(a)(3), and to whom Richardson and/or Atlantic did not, within five days thereafter, send the disclosure required by 15 U.S.C. § 1692g(a)(3).

26.    The proposed class specifically excludes the United States of America, the State of South Carolina, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fourth Circuit and the Justices of the Supreme Court of the United States, all officers and agents of Richardson and Atlantic, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

27. The class is averred to be so numerous that joinder of members is impracticable.

28. The exact number of class members is unknown to Mr. Haynes at this time and can be ascertained only through appropriate discovery.

29. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Richardson and Atlantic.

30. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Richardson's and/or Atlantic's identical conduct particular to the matters at issue; (b) Richardson's and/or Atlantic's violations of 15 U.S.C. §1692 *et seq*.; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

31. Mr. Haynes' claims are typical of those of the class he seeks to represent.

32. The claims of Mr. Haynes and of the class originate from the same conduct, practice, and procedure on the part of Richardson and/or Atlantic. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

33. Mr. Haynes possesses the same interests and has suffered the same injuries as each class member. Mr. Haynes asserts identical claims and seeks

identical relief on behalf of the unnamed class members.

34. Mr. Haynes will fairly and adequately protect the interests of the class and has no interest adverse to, or which directly and irrevocably conflicts with, the interests of other members of the class.

35. Mr. Haynes is willing and prepared to serve this Court and proposed class.

36. Mr. Haynes' interests are co-extensive with and not antagonistic to those of the absent class members.

37. Mr. Haynes has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Mr. Haynes and all absent class members.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

39. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same

7

essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Richardson and/or Atlantic have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

42. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(3)
## RICHARDSON

43. Mr. Haynes repeats and re-alleges each and every factual allegation above.

44. The FDCPA at section 1692e(3) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

45. On January 3, 2012, in connection with its efforts to collect from Mr. Haynes the alleged debt in default, Richardson mailed Mr. Haynes the January 3, 2012 correspondence attached to this Class Action Complaint as Exhibit "A."

46. Richardson violated 15 U.S.C. § 1692e(3) by falsely representing or implying in its January 3, 2012 correspondence that any individual is an attorney or that any communication is from an attorney, and falsely representing the level of attorney involvement in the collections process.

WHEREFORE, Mr. Haynes prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b) Adjudging that Richardson violated 15 U.S.C. § 1692e(3);

c) Awarding Mr. Haynes, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

9

d) Awarding Mr. Haynes, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

e) Awarding Mr. Haynes, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(3)
## ATLANTIC

47.     Mr. Haynes repeats and re-alleges each and every factual allegation above.

48.     Richardson violated 15 U.S.C. § 1692e(3) by falsely representing or implying in its January 3, 2012 correspondence that any individual is an attorney or that any communication is from an attorney, and falsely representing the level of attorney involvement in the collections process.

49.     Atlantic, by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of Richardson, the debt collector it hired to collect an alleged debt from Mr. Haynes on its behalf.

WHEREFORE, Mr. Haynes prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil

10

  Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

 b) Adjudging that Atlantic violated 15 U.S.C. § 1692e(3);

 c) Awarding Mr. Haynes, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

 d) Awarding Mr. Haynes, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

 e) Awarding Mr. Haynes, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
## RICHARDSON

50. Mr. Haynes repeats and re-alleges each and every factual allegation above.

51. The FDCPA at section 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

 * * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52.     Richardson violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to, misrepresenting the level of attorney involvement in the collections process.

WHEREFORE, Mr. Haynes prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b) Adjudging that Richardson violated 15 U.S.C. § 1692e(10);

c) Awarding Mr. Haynes, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Mr. Haynes, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

e) Awarding Mr. Haynes, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## ATLANTIC

53. Mr. Haynes repeats and re-alleges each and every factual allegation above.

54. Richardson violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt.

55. Atlantic, by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of Richardson, the debt collector it hired to collect an alleged debt from Mr. Haynes on its behalf.

WHEREFORE, Mr. Haynes prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b) Adjudging that Atlantic violated 15 U.S.C. § 1692e(10);

c) Awarding Mr. Haynes, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Mr. Haynes, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

e) Awarding Mr. Haynes, and others similarly situated, any pre-

        judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)(3)
## RICHARDSON

56.    Mr. Haynes repeats and re-alleges each and every factual allegation above.

57.    The FDCPA at section 1692g(a)(3) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\*   \*   \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector….

58.    Richardson violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey to Mr. Haynes, in its initial communication with Mr. Haynes or in writing within five days thereof, that unless Mr. Haynes disputes the validity of the alleged debt, or any portion thereof, within thirty days after receipt of the initial communication, the debt will be assumed valid.

WHEREFORE, Mr. Haynes prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying him

      as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b) Adjudging that Richardson violated 15 U.S.C. § 1692g(a)(3);

c) Awarding Mr. Haynes, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Mr. Haynes, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

e) Awarding Mr. Haynes, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)(3)
## ATLANTIC

59. Mr. Haynes repeats and re-alleges each and every factual allegation above.

60. Richardson violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey to Mr. Haynes, in its initial communication with him or in writing within five days thereof, that unless Mr. Haynes disputes the validity of the alleged debt, or any portion thereof, within thirty days after receipt of the

15

initial communication, the debt will be assumed valid.

61. Atlantic by virtue of its status as a "debt collector" under the FDCPA, is liable for the actions of Richardson, the debt collector it retained to collect an alleged debt from Mr. Haynes on its behalf.

WHEREFORE, Mr. Haynes prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b) Adjudging that Atlantic violated 15 U.S.C. § 1692g(a)(3);

c) Awarding Mr. Haynes, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Mr. Haynes, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

e) Awarding Mr. Haynes, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

62.  Mr. Haynes is entitled to and hereby demands a trial by jury.

DATED this 20th day of December, 2012.

        Respectfully submitted,

        /s/ Holly E. Dowd
        Holly E. Dowd (S.C. Bar No. 77897)
        Weisberg & Meyers, LLC
        409A Wakefield Dr.
        Charlotte, NC 28209
        (888) 595-9111 ext. 260
        (866) 565-1327 (fax)
        hdowd@attorneysforconsumers.com

        ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

        Holly E. Dowd
        ***Weisberg & Meyers, LLC***
        5025 N. Central Ave. #602
        Phoenix, AZ 85012